IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 24-00291-01/02-CR-W-DGK |
| ) | |
| ERNEST L. HALL and ) | |
| RODNEY O. ELLISON, ) | |
| ) | |
| Defendants. ) | |

### **ARRAIGNMENT, TRIAL SETTING, DISCOVERY AND SCHEDULING ORDER**

Defendants Ernest L. Hall and Rodney O. Ellison were arraigned on December 19, 2024, and entered pleas of not guilty.

### I.     **TRIAL SETTING**

During the arraignment, the Court initially set the case for trial on the Joint Criminal Trial Docket commencing on February 10, 2025.

At the arraignment, counsel for Defendant Hall made an oral motion asking that the case be continued to the Joint Criminal Jury Trial Docket commencing on April 28, 2025. Defense counsel indicated that the requested continuance is necessary to allow time to review discovery and to confer with Defendant about how to proceed. Co-defendant Ellison joined in the motion. Neither Defendant Hall, Defendant Ellison nor the Government objected to the continuance request.

The Speedy Trial Act of 1974, as amended, mandates the commencement of the trial of a defendant within seventy days from the defendant's first appearance before a judicial officer of the court in which the charge is pending. In computing the seventy-day time period, the periods of delay set forth in 18 U.S.C. § 3161(h) are to be excluded. Any period of delay resulting from a

1

continuance granted at the request of a defendant is excludable if the Court finds the ends of justice served by the taking of such action outweigh the best interests of the public and the defendant(s) in a speedy trial, provided the Court sets forth the reason for such finding.  *See* 18 U.S.C. § 3161(h)(7)(A).

Given the reasons discussed at the arraignment, the Court finds that it would be unreasonable to expect defense counsel to prepare this case adequately for trial prior to April 28, 2025, and that failure to grant a continuance would deny defense counsel the reasonable time necessary for effective preparation and, thus, would deny Defendants the right to effective assistance of counsel.  The Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and Defendants in a speedy trial.

Based on the foregoing, Defendant Hall's oral motion for continuance is granted.  This case is removed from the Joint Criminal Jury Trial Docket which commences February 10, 2025.  The case is reset for trial on the Joint Criminal Jury Trial Docket which commences on April 28, 2025.  The Court in ordering this case removed from the February 10, 2025, Joint Criminal Jury Trial Docket is not doing so because of congestion of the Court's calendar, in accordance with 18 U.S.C. § 3161(h)(7)(c).  Pursuant to 18 U.S.C. § 3161(h), the time between the date of Defendant's arraignment and May 9, 2025, the last day of the April 28, 2025, Joint Criminal Jury Trial Docket, shall be excluded in computing the time within which this trial must commence.

**II.    DISCOVERY**

At the arraignment, defense counsel requested all discovery to which defendant may be entitled pursuant to the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, the United States Constitution, and case law including *Brady v. Maryland* and its progeny.  The government requested all reciprocal discovery to which it is entitled pursuant to the Federal Rules

of Criminal Procedure, the Federal Rules of Evidence, the United States Constitution, and case law including *Brady v. Maryland* and its progeny.

The following discovery deadlines apply unless otherwise ordered by the Court.[1]

A. **DISCOVERY/DISCLOSURES PROVIDED BY THE GOVERNMENT**

   1. **DISCOVERY**

**Within ten days** from the date of arraignment, the government shall disclose or make available for **inspection, copying, or photographing** to defense counsel the following information within the possession, custody, and control of the government or the existence of which is known or by the exercise of due diligence may become known to the attorney for the government:

   a. **CONVICTIONS**

      i. A copy of the prior criminal record of the defendant, if any.

   b. **STATEMENTS**

      i. Any written or recorded statement, or copy thereof, made by the defendant which is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.

      ii. The substance of any oral statement made by the defendant whether before or after arrest, to an attorney for the government, a Federal agent, or any other law enforcement officer.

      iii. The recorded testimony of the defendant before a Grand Jury which relates to the offense charged.

   c. **OTHER DISCOVERY**

      i. Any books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody, or control of the government and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence-in-chief at the trial, or were obtained from or belong to the defendant.

---

[1] The disclosures required by this Order are subject to the continuing duty to disclose contained in Rule 16(c) of the Federal Rules of Criminal Procedure.

ii. Any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of the defense or are intended for use by the government as evidence-in-chief at the trial.

2. **EVIDENCE ARGUABLY SUBJECT TO SUPPRESSION**

   a. Identify and provide a list of the physical or tangible evidence seized pursuant to a state or federal search warrant, consent of the defendant or of some other person, or incident to the arrest of the defendant and as to each item described and identified provide the following:

      i. The location from which the evidence was seized;

      ii. The date and time of the search and seizure;

      iii. The name and address of the person(s) making the seizure;

      iv. The name and address of any witness(es) to the seizure; and

      v. In lieu of items (i) through (iv), the government can provide all reports relating to any search and seizure within its possession, custody, and control, the existence of which is known or by the exercise of due diligence may become known to the attorney for the government.

   b. Identify and list by date all electronic surveillance including any court ordered interceptions of oral or wire communications, consensual recordings of telephone conversations, body recorders, wiretaps, pen registers or trap and trace devices, video cameras, or bank surveillance cameras and provide the following:

      i. A description of the type of electronic surveillance;

      ii. The location of the electronic surveillance;

      iii. The date and time of the surveillance;

      iv. Copies and transcripts of any recorded conversations;

      v. All videotapes, including bank surveillance tapes;

      vi. All logs, notes, reports, or other material relating to the electronic surveillance; and

vii. In lieu of items (i) through (vi), the government can provide all reports relating to any electronic surveillance within its possession, custody, and control, the existence of which is known or by the exercise of due diligence may become known to the attorney for the government.

c. Disclosure of any identification procedure that has been used either by way of lineups or photographic or voice identification and for each such procedure provide the following information:

i. The name and address of each identification witness;

ii. The method of identification;

iii. The specific items used in the identification procedure, i.e., photographs, tape recordings, etc.;

iv. The date and location of the identification procedure;

v. The results of the identification procedure;

vi Notes, memorandum, reports and records regarding the identification procedure; and

vii. In lieu of items (i) through (vi), the government can provide all reports relating to any identification procedures within its possession, custody, and control, the existence of which is known or by the exercise of due diligence may become known to the attorney for the government.

**B. DISCOVERY/DISCLOSURES PROVIDED BY THE DEFENDANT**

**1. DOCUMENTS/REPORTS/TESTS**

Upon compliance with the government's discovery obligations under sections II.A.1.c.i or II.A.1.c.ii above, the defendant shall permit the government to **inspect, copy, or photograph** the following categories of material:

a. Any books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody, or control of the defendant and which the defendant intends to introduce as evidence-in-chief at the trial.

b. Any results or reports of physical or mental examinations, and of scientific tests or experiments made, or copies thereof, within the possession or control of the defendant, which the defendant intends to introduce as evidence-in-chief at the trial or which were prepared by a witness whom

5

the defendant intends to call at the trial when the results or reports relate to that witness's testimony.

2. **ALIBI EVIDENCE**

   a. **Within thirty days** from the date of arraignment, the defendant shall serve upon the government a written notice of the defendant's intention to offer a defense of alibi. Such notice shall state the specific place or places at which the defendant claims to have been at the time of the alleged offense and the names and addresses of the witnesses upon whom the defendant intends to rely to establish such alibi.

   b. **Within twenty days thereafter, but in no event less than ten days before trial,** the government shall serve upon the defendant a written notice stating the names and addresses of the witnesses upon whom the government intends to rely to establish the defendant's presence at the scene of the alleged offense and any other witnesses to be relied on to rebut testimony of any of the defendant's alibi witnesses.

   c. If prior to or during trial, a party learns of an additional witness whose identity, if known, should have been included in the information furnished above, the party shall promptly notify the other party of the existence and identity of such additional witness.

C. **EVIDENCE FAVORABLE TO THE DEFENSE**

   1. ***BRADY* EVIDENCE/DUE PROCESS PROTECTIONS ACT**

   **Within ten days** from the date of arraignment, the government is directed to disclose all evidence favorable to the defendant within the meaning of *Brady v. Maryland*. The government has an ongoing duty to provide *Brady* material. If additional *Brady* material is discovered more than ten days after the arraignment, such information should be disclosed promptly, but in any event **within ten days of the discovery** of the additional *Brady* material.

   Pursuant to the Due Process Protections Act, the Court confirms the United States' obligation to produce all exculpatory evidence to the defendant pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and orders it to do so. Failing to do so in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, or sanctions by the Court.

   2. **ENTRAPMENT EVIDENCE**

   **Within ten days** from the date of arraignment, the government is directed to provide discovery, inspection, and copying or photographing of any information suggesting entrapment of the defendant which is within the possession, custody or control of the government or the existence of which is known or by the exercise of due diligence may become known to the government attorney.

### D. REQUIREMENTS FOR FILING DISCOVERY MOTIONS

No attorney or defendant who has been authorized by the Court to proceed *pro se* shall file a discovery motion without first conferring with opposing counsel, and no motion will be considered by the Court unless it is accompanied by a certification of such conference and a statement of the moving party's good faith efforts to resolve the subject matter of the motion by agreement with opposing counsel.

## III. PRETRIAL FILINGS[2]

### A. PRETRIAL MOTIONS

**On or before January 24, 2025**, the parties shall file any relevant pretrial motions. Any suggestions in opposition shall be filed within fourteen days from the date the motion is filed unless otherwise ordered by the Court. For defendants who are represented by counsel, the Court will **only** accept pretrial filings made by counsel. *Pro se* filings **will not** be accepted for defendants who are represented by counsel.

### B. WITNESS LISTS

The government and the defendant are directed to file in writing witness lists which shall include the name and address of each witness whom counsel intends to call in its case-in-chief, together with any record of prior felony convictions for such witness, **no later than fourteen days prior to trial.** If a new witness is discovered after counsel files its witness list, either prior to trial or during trial, counsel shall promptly notify opposing defense and provide the discovery identified above.

### C. EXHIBIT LISTS

The government and the defendant are directed to file in writing exhibit lists which shall include a description of each exhibit, pre-marked for identification, that counsel intends to offer in its case-in-chief **no later than fourteen days prior to trial.**

### D. MOTIONS IN LIMINE

**No later than fourteen days prior to trial,** the parties should file any motions in limine seeking to exclude evidence from trial. Any suggestions in opposition to the amotions in limine should be filed **within five days** after the motion is filed.

### E. STIPULATIONS

Any proposed stipulations should be provided in writing to opposing counsel and the Court **no later than fourteen days before trial.**

---

[2] For purposes of this Order, the reference to "trial" means the first day of the Joint Criminal Jury Trial Docket on which the case is set.

**F.     VOIR DIRE**

The parties are directed to file requested voir dire questions **no later than fourteen days before trial.**

**G.     JURY INSTRUCTIONS**

The parties are directed to file and serve, in accordance with the requirements of Local Rule 51.1, proposed jury instructions **no later than fourteen days before trial.**

## IV.     ADDITIONAL DISCLOSURES BY THE GOVERNMENT

**A.     RELEVANT OFFENSE CONDUCT**

**No later than fourteen days prior to trial or a change-of-plea hearing**, the government is directed to disclose all information in its possession on which it will rely to establish "relevant offense conduct" or to establish an upward departure under the Federal Sentencing Guidelines.

**B.     PRIOR CONVICTIONS**

**No later than fourteen days prior to trial,** the government is directed to provide a written list of the defendant's prior felony convictions which the government intends to use for impeachment.

**C.     RULE 404(b) EVIDENCE**

The government is directed to file written notice of all prior and subsequent acts and convictions intended to prove knowledge, intent or other elements identified in Rule 404(b) of the Federal Rules of Evidence **no later than thirty days before trial.**

**D.     WITNESS INDUCEMENTS**

**No later than fourteen days prior to trial,** the government is directed to provide written disclosure of: (a) the name(s) and address(es) of the witness(es) to whom the government has made a promise; (b) all promises or inducements made to any witness(es); (c) all agreements entered into with any witness(es); and (d) the amount of money or other remuneration given to any witness(es).

**E.     INFORMANTS**

Unless the government has made a claim of privilege as to an informant, **no later than thirty days prior to trial,** the government is directed to provide: (a) the name(s) and address(es) of the informant(s); (b) all promises or inducements to the informant(s); (c) all agreements entered into with the informant(s); (d) the amount of money or other remuneration given to the informant(s); (e) identification of the informant's prior testimony; (f) evidence of psychiatric treatment; (g) evidence of the informant's narcotic habit; and (h) the name, address and phone

number for the lawyer(s) for the informant(s) if represented by counsel. If an informant objects to the disclosure of his or her address, the government shall produce the informant to defense counsel for a determination of whether or not the informant will consent to an interview.

F.     *GIGLIO* IMPEACHMENT EVIDENCE

**No later than fourteen days prior to trial,** the government is directed to disclose all evidence which may tend to adversely affect the credibility of any person called as a witness by the government pursuant to *Giglio v. United States* and *United States v. Agurs*, including the arrest and/or conviction record of each government witness, any offers of immunity or lenience, whether made directly or indirectly, to any government witness in exchange for testimony and the amount of money or other remuneration given to any witness.

**PLEASE NOTE:** The parties are to be prepared to disclose to the Court at the final pretrial conference in this case the method used to determine whether any favorable evidence exists in the government's investigative file. The government is advised that if any portion of the government's investigative file or that of any investigating agency is not made available to the defense for inspection, the Court will expect that **trial counsel for the government or an attorney under trial counsel's immediate supervision** who is familiar with the *Brady* and *Giglio* doctrines will have reviewed the applicable files for purposes of ascertaining whether evidence favorable to the defense is contained in the file. The Court considers such evidence to include evidence favorable to the accused which may have a bearing on guilt or punishment, and evidence which adversely affects the credibility of any important government witness.

G.     **STATEMENTS PRESENTING *BRUTON* ISSUES**

Any statements of a co-defendant which the government intends to offer at trial and which present *Bruton* issues along with proposed redactions should be filed **no later than thirty days prior to trial.**

V.     **EXPERT TESTIMONY DISCLOSURES BY BOTH PARTIES**

A.     **RULE 16 EXPERTS**

  1.   **No later than thirty days prior to trial,** the government shall disclose to the defendant a written summary of testimony that the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial. The written summary should identify the witnesses, describe the witnesses' opinions, the bases and the reasons for the opinions, and the witnesses' qualifications.

  2.   **No later than fourteen days prior to trial,** defendant shall disclose to the government a written summary of testimony that the defendant intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence as evidence at trial. The written summary should identify the witnesses,

describe the witnesses' opinions, the bases and the reasons for the opinions, and the witnesses' qualifications.

B. **MENTAL HEALTH EXPERTS/EVIDENCE**

1. **On or before the date for filing pretrial motions,** the parties must file any motion seeking to determine the defendant's mental competency pursuant to 18 U.S.C. § 4241.

2. **On or before the date set for filing pretrial motions,** the defendant shall file a notice in writing which complies with the requirements of Rule 12.2 of the Federal Rules of Criminal Procedure stating:

    a. Whether the defendant intends to rely upon the defense of insanity at the time of the alleged offense; and

    b. Whether the defendant intends to introduce expert testimony relating to a mental disease or defect or any other mental condition of the defendant bearing upon the issue of guilt.

3. If the defendant gives notice under Rule 12.2(b) of an intent to present expert testimony on the defendant's mental condition, **within two weeks of giving notice under Rule 12.2,** the defendant shall identify the experts and provide a summary of the witnesses' opinions, the bases and reasons for those opinions and the witnesses' qualifications. At the same time the defendant identifies the experts and provides a summary of the witnesses' opinions, the defendant shall notify the Magistrate Judge to whom the case is assigned that these disclosures have been made and request that the Court set a conference to establish additional deadlines.

## VI. WITNESS ADDRESSES

In lieu of providing the address of any witness required by this Order, counsel for the government or defendant may produce the witness for interview by opposing counsel.

## VII. JENCKS ACT MATERIAL

The standard practice in this district is for all parties to voluntarily agree to provide Jencks Act material **at least fourteen days prior to trial.** If any party does not agree with this deadline, the party must file a notice with the Court within seven (7) days of this Order noting their objection.

## VIII. PRETRIAL CONFERENCE

A pretrial conference is set for **April 9, 2025**. (The time for the conference will be provided later.) At the pretrial conference, the parties should be prepared to discuss the following issues:

**A**. Anticipated questions of admissibility of evidence;

**B**. Any other questions of law on which the parties desire pretrial rulings;

**C**. Facts or circumstances requiring a larger than normal jury panel (more than 45);

**D**. Pending motions;

**E**. Estimated trial time;

**F**. Discovery problems;

**G**. Possible stipulations **(counsel should have proposed stipulations available for review and signature by the parties at the conference)**;

**H**. Number of exhibits to be offered at trial;

**I**. Number of witnesses to be called at trial;

**J**. Any objections to the anticipated witnesses or exhibits; and

**K**. Changes of plea or potential dismissal of any of the charges.

## IX. CERTIFICATION OF COMPLIANCE

**During the pretrial conference**, counsel for the government and for each defendant will be required to certify on the record that counsel has produced all discovery in accordance with the deadlines established in this Order and has timely complied with all pretrial filing deadlines established by this Order up to the date of the pretrial conference.

**IT IS SO ORDERED.**

/s/ *Jill A. Morris*
JILL A. MORRIS
UNITED STATES MAGISTRATE JUDGE